■ EUROPEAN AMERICAN BANK & TRUST Co., Respondent, v STEPHEN H. SEROTA, Also Known as STEPHEN SEROTA, Appellant. [661 NYS2d 282] —In an action to recover payment on a promissory note, the defendant appeals from an order of the Supreme Court, Kings County (Held, J.), dated August 15, 1996, which denied his motion to vacate a judgment entered May 21, 1996, upon his default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to Supreme Court, Kings County, for a hearing in accordance herewith and a de novo determination of the defendant's motion.

The plaintiff attempted to serve the defendant in the instant action by "nail and mail" service pursuant to CPLR 308 (4). Subsequently, a default judgment was entered against the defendant. Less than one year after the purported service, the defendant moved to vacate the default judgment, or in the alternative, for a hearing to determine if service was proper. He claimed that the court lacked personal jurisdiction over him because the plaintiff's attempted service pursuant to CPLR 308 (4) was defective. On appeal, he contends that the court erred in failing to order a hearing on this issue. We agree.

Initially, we note that because the ground for vacatur asserted by the defendant was lack of personal jurisdiction, he need not demonstrate a reasonable excuse for his default or a meritorious defense (*Laurenzano v Laurenzano,* 222 AD2d 560). In support of his motion, the defendant submitted an affidavit in which he stated, *inter alia,* that his residence for the previous three years was not the address at which the plaintiff attempted to serve him. If true, the plaintiff's service would be ineffective and the court would lack personal jurisdiction over the defendant (*see, Feinstein v Bergner,* 48 NY2d 234; *Matt*

*Santangelo, Inc. v Brown,* 206 AD2d 463; *Fulton Sav. Bank v Rebeor,* 175 AD2d 580). Thus, the defendant's affidavit was sufficient to warrant a hearing as to whether the plaintiff's service pursuant to CPLR 308 (4) was proper (*see, Marino v Marino,* 82 AD2d 798; *LeFevre v Cole,* 83 AD2d 992).

Moreover, the court, in effect, improperly estopped the defendant from raising the alleged defect in service as a defense by requiring him to produce evidence that he notified the plaintiff of his alleged change of address. The record contains no evidence that the defendant "engage[d] in conduct calculated to prevent the plaintiff from learning his" actual place of residence (*Matt Santangelo, Inc. v Brown, supra,* at 464; *see, Feinstein v Bergner, supra*). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.