■ Antonio Mourtil, Appellant, v Chi Ming Peng et al., Respondents. (Action No. 1.) Antonio Mourtil, Plaintiff, v A.W.S. Development Corp., Defendant and Third-Party Plaintiff. Chi Ming Peng et al., Third-Party Defendants. (Action No. 2.) [744 NYS2d 883] —In related actions for specific performance and to annul a deed, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated December 10, 2001, as granted the motion of the defendants in Action No. 1, inter

alia, to dismiss the complaint and to vacate the notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

The purported service of process upon the defendants in Action No. 1 (hereinafter the defendants) was not proper because the address where the summons and complaint were allegedly delivered to a person of suitable age and discretion was not the actual place of business, dwelling place, or usual place of abode of the defendants (*see* CPLR 308 [2]). Contrary to the plaintiff's contentions, there is insufficient evidence that the defendants engaged in conduct calculated to prevent the plaintiff from learning their actual address (*see European Am. Bank & Trust Co. v Serota,* 242 AD2d 363, 364). In fact, mere reference to the local telephone directory would have disclosed the defendants' actual residence address. Accordingly, the Supreme Court properly granted the defendants' motion, inter alia, to dismiss the complaint in Action No. 1 for lack of personal jurisdiction and to vacate the notice of pendency. Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.