(January 13, 2003)

■ BANK OF NEW YORK, Respondent, v DONALD MACPHERSON, Appellant, et al., Defendants. [752 NYS2d 720] —In an action to foreclose a mortgage, the defendant Donald MacPherson appeals (1) from an order of the Supreme Court, Suffolk County (Sgroi, J.), dated October 31, 2001, which denied his motion to vacate a judgment of foreclosure and sale entered July 6, 2001, upon his failure to appear or answer, (2), as limited by his brief, from so much of an order of the same court, dated January 8, 2002, as, upon reargument, adhered to its original determination, and (3) from an order of the same court, dated February 5, 2002, which denied his motion pursuant to CPLR 5015 (4) to vacate the judgment of foreclosure and sale on the ground that the Supreme Court did not have subject matter jurisdiction because the plaintiff failed to file a proper notice of pendency.

Ordered that the appeal from the order dated October 31, 2001, is dismissed, without costs or disbursements, as that order was superseded by the order dated January 8, 2002, made upon reargument; and it is further,

Ordered that the order dated January 8, 2002, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith; and it is further,

Ordered that the order dated February 5, 2002, is affirmed, without costs or disbursements.

On October 4, 2000, the plaintiff, Bank of New York (hereinafter the Bank), commenced this action to foreclose a mortgage secured by real property located in Suffolk County. The Bank

filed a notice of pendency related to the action on the same day. After the defendant Donald MacPherson, the record owner of the property, failed to appear or answer, a judgment of foreclosure and sale was rendered against him. MacPherson moved to vacate the judgment in October 2001, and the Supreme Court denied the motion. He subsequently moved for leave to reargue the motion. The Supreme Court granted reargument and adhered to its original determination. MacPherson again moved to vacate the judgment, albeit on a different ground, in January 2002. The Supreme Court denied the motion. MacPherson appeals from each of those orders.

It appears from the record that MacPherson was not served with the summons within 30 days of the filing of the notice of pendency, as is required by CPLR 6512 (*see Weiner v MKVII Westchester,* 292 AD2d 597; *Rabinowitz v Larkfield Bldg. Corp.,* 231 AD2d 703; *Slutsky v Blooming Grove Inn,* 147 AD2d 208; *Gargano v Rubin,* 130 AD2d 709). However, where a defendant willfully misrepresented his address or violated a statutory notification requirement (*see Ray v Metropolitan Transp. Auth.,* 221 AD2d 613), or where he "engaged in conduct calculated to prevent the plaintiff from learning his actual place of residence" (*European Am. Bank & Trust Co. v Serota,* 242 AD2d 363, 364 [internal quotation marks omitted]), he may be estopped from asserting the defense of defective service. Because there was no hearing in this matter, there is insufficient admissible evidence in the record to determine whether MacPherson's conduct estopped him from raising the defense of defective service (*see Stewart v McIntyre,* 57 AD2d 831). Therefore, an evidentiary hearing is required to determine whether or not MacPherson was served with the summons within 30 days of the filing of the notice of pendency, and if not, whether his conduct estopped him from raising the defense of defective service.

However, the Supreme Court properly denied MacPherson's motion to vacate the judgment of foreclosure which was premised on the ground that the Supreme Court did not have subject matter jurisdiction because the plaintiff failed to file a proper notice of pendency in accordance with RPAPL 1331. The notice of pendency contained the date of the mortgage, indicated the county in which the property was situated, and referenced the recording data concerning the mortgage. Therefore, the notice of pendency sufficiently complied with the statutory requirements (*see Mechanics Exch. Sav. Bank v Chesterfield,* 34 AD2d 111). Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.