U.S. Bank, N.A. v Tauber (2020 NY Slip Op 04990)





U.S. Bank, N.A. v Tauber


2020 NY Slip Op 04990


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-06718
 (Index No. 30916/14)

[*1]U.S. Bank, N.A., etc., respondent, 
v
Roslyn Tauber, appellant, et al., defendants.


Menashe & Associates LLP, Montebello, NY (Chezki Menashe of counsel), for appellant.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Roslyn Tauber appeals from an order of the Supreme Court, Rockland County (Linda Christopher, J.), dated May 23, 2017. The order, after a hearing to determine the validity of service of process, denied that defendant's motion pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered February 6, 2015, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
In this mortgage foreclosure action, the defendant Roslyn Tauber (hereinafter the defendant) moved pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered February 6, 2015, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her on the ground of lack of personal jurisdiction. In an order dated May 6, 2015, the Supreme Court denied the defendant's motion without a hearing. The defendant appealed.
In a decision and order dated June 29, 2016, this Court reversed the order dated May 6, 2015, and remitted the matter to the Supreme Court, Rockland County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308(2), and thereafter for a new determination of her motion to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her (see U.S. Bank, N.A. v Tauber, 140 AD3d 1154). After the hearing, in an order dated May 23, 2017, the Supreme Court found that the defendant was properly served pursuant to CPLR 308(2) and denied her motion. The defendant appeals.
In reviewing a determination made by a hearing court, the "power of this Court is as broad as that of the hearing court, and this Court may render its own determination as warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing and hearing the witnesses" (Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019).
Here, we find no basis to disturb the Supreme Court's conclusions. We agree with the court's determination that the address of the subject property was a proper address for service of process pursuant to CPLR 308(2), despite the defendant's testimony that she never lived there. While, as a general matter, a defendant has no obligation to inform a party who may wish to sue of [*2]his or her whereabouts (see Feinstein v Bergner, 48 NY2d 234, 241-242), "where a defendant willfully misrepresent[s] his [or her] address or violate[s] a statutory notification requirement, or where he [or she] engage[s] in conduct calculated to prevent the plaintiff from learning his [or her] actual place of residence, he [or she] may be estopped from asserting the defense of defective service" (Bank of N.Y. v MacPherson, 301 AD2d 485, 486 [citations and internal quotation marks omitted]).
Here, despite the defendant's testimony that she never lived in the subject property, the evidence adduced at the hearing reflects that the defendant repeatedly held herself out as a resident of the subject property throughout the pendency of this litigation, including in applications for mortgage assistance through the federal government's "Making Home Affordable Program" and in a power of attorney she executed for the purpose of permitting a family member to participate on her behalf in court conferences pursuant to CPLR 3408(a). Moreover, the evidence reflects that the defendant never gave the plaintiff the address of her purported true place of residence, despite having ample opportunity to do so. Under these circumstances, the defendant is estopped from contending that the subject property was not her "dwelling place" or her "usual place of abode" (CPLR 308[2]; see U.S. Bank Natl. Assn. v Vanvliet, 24 AD3d 906, 908; Bank of N.Y. v MacPherson, 301 AD2d at 486).
We also agree with the Supreme Court's determination that the defendant failed to establish that service of process was made in violation of General Business Law § 13 (see generally JPMorgan Chase Bank, N.A. v Lilker, 153 AD3d 1243, 1245). The record supports the court's conclusion that the defendant did not meet her burden of demonstrating malicious intent, as required for a finding that the plaintiff violated that statute (see General Business Law § 13; Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d 692, 693; see also JPMorgan Chase Bank, N.A. v Lilker, 153 AD3d at 1245).
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court