Wells Fargo Bank, N.A. v Guerrero (2020 NY Slip Op 08107)





Wells Fargo Bank, N.A. v Guerrero


2020 NY Slip Op 08107


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-12021
 (Index No. 30262/07)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Adriana Guerrero, appellant, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Adriana Guerrero appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated June 14, 2018. The order denied the motion of the defendant Adriana Guerrero, inter alia, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered March 3, 2017, and an order of reference of the same court (Joseph G. Golia, J.) dated August 12, 2008, entered upon that defendant's failure to appear or answer the complaint, to set aside the foreclosure sale of the subject property, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction or, alternatively, to hold a hearing to determine the validity of service of process.
ORDERED that the order dated June 14, 2018, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the validity of service of process upon the defendant Adriana Guerrero, and for a new determination thereafter of that defendant's motion pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and the order of reference, to set aside the foreclosure sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
In 2007, the plaintiff commenced this action to foreclose the subject mortgage against among others, the defendant Adriana Guerrero (hereinafter the defendant). In February 2008, the defendant purportedly was served with process pursuant to CPLR 308(4). After the defendant's time to appear or answer the complaint had expired, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order dated August 12, 2008, the Supreme Court granted the plaintiff's unopposed motion. A judgment of foreclosure and sale was entered on March 3, 2017, and the property was sold thereafter.
The defendant moved pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale, and the order of reference, both entered upon her default, to set aside the foreclosure sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction or, alternatively, for a hearing to determine the validity of the plaintiff's purported service. The Supreme Court denied the motion. The defendant appeals.
CPLR 5015(a)(4) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just," upon the ground of, inter alia, "lack of jurisdiction to render the judgment or order." "A default must be vacated once the movant demonstrates a lack of personal jurisdiction, and the movant is relieved of any obligation to demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Wells Fargo Bank, NA v Spaulding, 177 AD3d 817, 818; see Rabinowitz v Rabinowitz, 137 AD3d 884, 885). "The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174 [citations omitted]; see Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1156-1157).
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (Wells Fargo Bank, NA v Spaulding, 177 AD3d at 819 [internal quotation marks omitted]; see Washington Mut. Bank v Murphy, 127 AD3d at 1174). Ordinarily, a process server's sworn affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service (see Caliber Home Loans, Inc. v Silber, 173 AD3d 963, 964; Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit. In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997-998 [internal quotations and citation omitted]; see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1186).
Here, the process server's affidavit of service set forth that substituted service pursuant to CPLR 308(4) was made at the defendant's "dwelling place . . . within the State," listed as an address in West Hempstead (hereinafter the West Hempstead address), by affixing a copy of the summons and complaint there on February 20, 2008, at 2:00 p.m., after two prior unsuccessful attempts to effect service there on February 16, 2008, at 7:25 a.m., and February 18, 2008, at 6:43 p.m., and by mailing a copy of the summons and complaint to the West Hempstead address on February 21, 2008. This constituted prima facie evidence of valid service pursuant to CPLR 308(4) (see Taron Partners, LLC v McCormick, 173 AD3d 927, 929; HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884).
However, the defendant rebutted the presumption of valid service by the submission of an affidavit in which she averred that her residence and usual place of abode at the time of the purported service was located at an address in Jackson Heights (hereinafter the Jackson Heights address). She further averred that no attempt was ever made to serve her at the Jackson Heights address. Moreover, the defendant produced documentary evidence, in the form of a copy of her driver license, listing the Jackson Heights address as her residential address, and documentary evidence showing that the Jackson Heights address was known to the plaintiff, since it was listed in the mortgage documents as her address. In addition, the defendant submitted material that implicated the credibility of the plaintiff's process server. Under these circumstances, a hearing on the issue of whether the defendant was properly served was warranted (see Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 747-748; HMC Assets, LLC v Dhanani, 173 AD3d 700, 701-702; Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625-626; Bank of Am., N.A. v Latif, 148 AD3d 967, 969).
Contrary to the plaintiff's contention, the doctrine of judicial estoppel is inapplicable here because there is no evidence in the record that the defendant secured a judgment in her favor in any bankruptcy proceeding related to the petitions (see Archer v Beach Car Serv., Inc., 180 AD3d 857, 861; Re/Max of N.Y., Inc. v Weber, 177 AD3d 910, 914-915).
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served with process, and thereafter a new determination of the defendant's motion.
The parties' remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court