Hudson Val. Bank, N.A. v Eagle Trading (2022 NY Slip Op 04956)

Hudson Val. Bank, N.A. v Eagle Trading

2022 NY Slip Op 04956

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-05633
 (Index No. 4424/10)

[*1]Hudson Valley Bank, N.A., respondent,
v
Eagle Trading, et al., defendants, Won Shin Oh, etc., appellant.

Shiryak Bowman Anderson Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover on a guaranty, the defendant Won Shin Oh appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated May 21, 2020. The order denied that defendant's motion (1) to vacate a judgment of the same court entered October 26, 2011, which, upon an order of the same court dated April 19, 2011, granting the plaintiff's motion for leave to enter a default judgment upon the failure of the defendant Won Shin Oh to appear or answer the complaint, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant Won Shin Oh in the principal sum of $127,860.26, and (2) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order dated May 21, 2020, is affirmed, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover on promissory note and a personal guaranty, which were both executed by the defendant Won Shin Oh (hereinafter the defendant). The defendant failed to appear or answer the complaint. The plaintiff was subsequently granted leave to enter a default judgment against the defedant, and, after an inquest on the issue of damages, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $127,860.26.
The defendant thereafter moved to vacate the judgment on the grounds of excusable neglect (see CPLR 5015[a][1]), lack of personal jurisdiction (see id. § 5015[a][4]), and in the interest of justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68), and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The defendant argued that service was invalid because he never resided at the address set forth in the affidavit of service. In support of his motion, the defendant submitted his own affidavit and documentary evidence, including utility bills and his New York State driver license, to substantiate his assertion that he never resided at the service address.
In opposition to the defendant's motion, the plaintiff relied upon the affidavit of service to establish that the defendant was served at his dwelling place pursuant to CPLR 308(4). The plaintiff argued, among other things, that the defendant should be estopped from challenging the propriety of the service address, as that address had been provided by the defendant and set forth [*2]in the personal guaranty, and the defendant had personally and affirmatively agreed to receive notice at that location and to notify the plaintiff if and when his address changed.
In the order appealed from, the Supreme Court denied the defendant's motion. The court concluded that the affidavit of service constituted prima facie evidence of proper service and that the defendant's evidentiary submissions were insufficient to rebut the presumption of proper service established by the affidavit of service. The defendant appeals. We affirm, albeit on grounds different from those relied upon by the Supreme Court (see e.g. JP Morgan Chase v Twersky, 202 AD3d 769, 770; Torres v New York City Hous. Auth., 199 AD3d 852, 853).
"Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862-863 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1047-1048).
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order" (see Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 122).
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 883). The failure to comply with the specific mandates of CPLR 308(4) is a jurisdictional defect, and "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" (Feinstein v Bergner, 48 NY2d 234, 241; see Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738). As relevant here, service "is invalid if the service address is not, in fact, the defendant's actual place of business, dwelling place, or usual place of abode" (Everbank v Kelly, 203 AD3d 138, 147).
"Ordinarily, a process server's affidavit of service establishes a prima facie case as
to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see U.S. Bank N.A. v Dass, 200 AD3d 1003). Here, as the Supreme Court properly determined, the affidavit of service demonstrated, prima facie, that the defendant was served with the summons and complaint pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of his actual dwelling place, and by mailing a copy of the summons and complaint to his last known residence (see Rattner v Fessler, 202 AD3d 1011, 1014-1015; Citimortgage, Inc. v Weaver, 197 AD3d 1087, 1088; PHH Mtge. Corp. v Johnson, 190 AD3d 990, 991).
In support of his position that service was invalid, the defendant argued that he never resided at the address set forth in the affidavit of service. In response, however, the plaintiff contended, among other things, that the defendant should be estopped from challenging the propriety of that address.
Estoppel, in this context, may preclude a defendant "from challenging the location and propriety of service of process if that defendant has engaged in affirmative conduct which misleads a party into serving process at an incorrect address" (Everbank v Kelly, 203 AD3d at 145). For example, "where a defendant willfully misrepresented his address or violated a statutory notification requirement (see Ray v Metropolitan Transp. Auth., 221 AD2d 613), or where he 'engaged in conduct calculated to prevent the plaintiff from learning his actual place of residence' (European Am. Bank & Trust Co. v Serota, 242 AD2d 363, 364 [internal quotation marks omitted]), he may be estopped from asserting the defense of defective service" (Bank of New York v MacPherson, 301 AD2d 485, 486; see Dobkin v Chapman, 21 NY2d 490, 504).
Here, the record established that the defendant engaged in "affirmative conduct which misl[ed] a party into serving process at an incorrect address" (Everbank v Kelly, 203 AD3d at 145; [*3]cf. European Am. Bank & Trust Co. v Serota, 242 AD2d at 363-364; Matt Santangelo, Inc. v Brown, 206 AD2d 463; Dzembo v Goran, 178 AD2d 778, 779). Under the circumstances, the defendant should have been estopped from contending that the address set forth in the affidavit of service was not his "dwelling place" (CPLR 308[2]), and that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) should have been denied on this ground (see U.S. Bank, N.A. v Tauber, 186 AD3d 1451, 1452-1453; Board of Educ. of City School Dist. of City of N.Y. v Grullon, 65 AD3d 934, 934; U.S. Bank Nat. Assn. v Vanvliet, 24 AD3d 906; see also Dobkin v Chapman, 21 NY2d at 504; Hidalgo v Cruiser Taxi Corp., 101 AD3d 950, 951).
Furthermore, the defendant was not entitled to vacatur pursuant to CPLR 5015(a)(1), as he failed to set forth a reasonable excuse for his default (see TBF Fin., LLC v Eagle Tours, LLC, 172 AD3d 1269, 1271; HSBC Bank USA, N.A. v Dalessio, 137 AD3d at 863). Under these circumstances, it is unnecessary to consider whether the defendant sufficiently demonstrated a potentially meritorious defense to this action (see TBF Fin., LLC v Eagle Tours, LLC, 172 AD3d at 1271; HSBC Bank USA, N.A. v Dalessio, 137 AD3d at 863).
Finally, to the extent that the defendant sought to vacate the judgment in the interest of justice (see Woodson v Mendon Leasing Corp., 100 NY2d at 68), he failed to establish facts that would warrant granting that relief (cf. Notey v Darien Const. Corp., 41 NY2d 1055, 1055-1056; U.S. Bank N.A. v Losner, 145 AD3d 935, 938; Wells Fargo Bank v Hodge, 92 AD3d 775, 775). Under these circumstances, we affirm the order appealed from (see e.g. JP Morgan Chase v Twersky, 202 AD3d at 770; Torres v New York City Hous. Auth., 199 AD3d at 853).
BRATHWAITE NELSON, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court