U.S. Bank N.A. v Henry (2023 NY Slip Op 04391)

U.S. Bank N.A. v Henry

2023 NY Slip Op 04391

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-05627
2021-01537
 (Index No. 608724/18)

[*1]U.S. Bank National Association, etc., respondent,
v
Miguel J. Henry, etc., appellant, et al., defendants.

Harvey Sorid, P.C., Uniondale, NY, for appellant.
LOGS Legal Group, LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Miguel J. Henry appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 29, 2020, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered October 19, 2020. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denied, without a hearing, the cross-motion of the defendant Miguel J. Henry pursuant to CPLR 5015(a)(4), in effect, to vacate an order of the same court entered June 12, 2019, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference, and thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against that defendant for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon him. The order and judgment of foreclosure and sale granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order entered June 29, 2020, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, that branch of the cross-motion of the defendant Michael J. Henry which was for a hearing to determine the validity of service of process upon him is granted, the order entered June 29, 2020, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the validity of service of process upon the defendant Miguel J. Henry, and thereafter for a new determination of the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and those branches of the defendant's cross-motion which were pursuant to CPLR 5015(a)(4), in effect, to vacate an order of the same court entered June 12, 2019, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference, and thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction; and it is further,
ORDERED that one bill of costs is awarded to the defendant Miguel J. Henry.
The appeal from the order entered June 29, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In November 2005, the defendant Miguel J. Henry (hereinafter the defendant) executed a note secured by a mortgage on real property located in East Meadow. In September 2008, the defendant entered into a loan modification agreement, in which he agreed to amend and supplement the note and mortgage and to establish a new principal balance. In June 2018, the plaintiff commenced this mortgage foreclosure action against the defendant and others. According to an affidavit of service, the defendant was served with the summons and complaint pursuant to CPLR 308(4). When none of the defendants answered the complaint or appeared in the action, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order entered June 12, 2019, the Supreme Court granted the plaintiff's unopposed motion and referred the matter to a referee to compute the amount due to the plaintiff.
In October 2019, upon the referee's calculation of the amount due to the plaintiff, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved pursuant to CPLR 5015(a)(4), in effect, to vacate the order entered June 12, 2019, and thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon him. In an order entered June 29, 2020, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. In an order and judgment of foreclosure and sale entered October 19, 2020, the Supreme Court granted the plaintiff the same relief, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"Pursuant to CPLR 5015(a)(4), '[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order.' Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 737-738, quoting CPLR 5015[a][4]). "The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d at 738). Where service is effected pursuant to CPLR 308(4), the affix and mail method, the plaintiff must demonstrate that the summons was affixed to the door of the dwelling place or usual place of abode of the person to be served and mailed to such person's last known residence. The "dwelling place" is one at which the defendant is actually residing at the time of delivery (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 777). The "usual place of abode" is a place at which the defendant lives with a degree of permanence and stability and to which he or she intends to return (id.).
Here, the process servers' affidavits of service established, prima facie, that the defendant was served pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of the subject property on July 14, 2018, and by mailing a copy of the summons and complaint to the defendant at the subject property on July 16, 2018 (see Wells Fargo Bank, N.A. v Enitan, 200 AD3d at 737-738). However, the defendant successfully rebutted the process servers' affidavits through his specific averments that, at the time of the purported service, the subject property was not his actual dwelling place or usual place of abode, since he had moved to California in the summer of 2015 (see Nationstar Mtge., LLC v Esdelle, 186 AD3d 1384, 1387; Sileo v Victor, 104 AD3d 669, 670; cf. Wells Fargo Bank, N.A. v Enitan, 200 AD3d at 739). The defendant's sworn statements that he had relocated to California and was living there at the time of the purported service, coupled with a copy of the defendant's executed residential lease agreement for an apartment in Los Angeles, were sufficient to warrant a hearing to determine whether service was properly effectuated (see Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1387; Sileo v Victor, 104 AD3d at 670). To the extent that the plaintiff's evidence that the defendant failed to inform the plaintiff or [*2]the United States Postal Service of his change of address may cast doubt upon the defendant's claim that the subject property was not his dwelling place or usual place of abode at the time that service was purportedly effectuated, such a credibility issue is not a proper ground for denying the defendant's cross-motion without a hearing (see Austin v Tri-County Mem. Hosp., 39 AD3d 1223, 1224; see generally Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d 785, 786).
Moreover, there is insufficient evidence in the record to determine whether the defendant, by his conduct, should be estopped from raising a claim of defective service (see U.S. Bank, N.A. v Tauber, 186 AD3d 1451, 1452; Bank of N.Y. v MacPherson, 301 AD2d 485, 486; see generally Everbank v Kelly, 203 AD3d 138, 145). A defendant may be estopped from contesting the propriety of an address where service was attempted when the defendant has engaged in "affirmative conduct which misleads a party into serving process at an incorrect address" (Everbank v Kelly, 203 AD3d at 145 [emphasis added]; see U.S. Bank, N.A. v Tauber, 186 AD3d at 1452-1453). Contrary to the plaintiff's contention, the plaintiff's evidence demonstrating that the defendant failed to update his address with the plaintiff or with the United States Postal Service was insufficient to establish, without a hearing, that the defendant should be estopped from contesting service as a matter of law (accord Austin v Tri-County Mem. Hosp., 39 AD3d at 1224; see Bank of N.Y. v MacPherson, 301 AD2d at 486; European Am. Bank & Trust Co. v Serota, 242 AD2d 363, 364). The defendant's statement on a 2015 mortgage assistance application that the subject property was his principal residence also does not establish, as a matter of law, that the defendant is estopped from contesting that the subject property was a valid address for service of process, as the defendant's representation on the mortgage assistance application was made prior to the date when he claims to have relocated to California, and three years prior to the date of purported service at the subject property (cf. U.S. Bank, N.A. v Tauber, 186 AD3d at 1452). Consequently, the Supreme Court should have conducted a hearing to resolve the defendant's jurisdictional objection before determining the plaintiff's motion and the defendant's cross-motion (see Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1387).
Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine the validity of service of process upon the defendant, and thereafter a new determination of the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and of those branches of the defendant's cross-motion which were pursuant to CPLR 5015(a)(4), in effect, to vacate an order of the same court entered June 12, 2019, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference, and thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction.
BARROS, J.P., CHAMBERS and DOWLING, JJ., concur.
MALTESE, J., concurs, and votes to dismiss the appeal from the order entered June 29, 2020, reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, grant that branch of the cross-motion of the defendant Miguel J. Henry which was for a hearing to determine the validity of service of process upon that defendant, modify the order entered June 29, 2020, accordingly, and remit the matter to the Supreme Court, Nassau County, for a hearing to determine the validity of service of process upon that defendant, and thereafter a new determination of the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and of those branches of the defendant's cross-motion which were pursuant to CPLR 5015(a)(4), in effect, to vacate an order of the same court entered June 12, 2019, and thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against that defendant for lack of personal jurisdiction, with the following memorandum:
I concur with the majority's determination to remit this matter for a hearing to determine whether the defendant Miguel J. Henry (hereinafter the defendant) was properly served with process. I write separately to express my opinions concerning the defendant's assertion that service was not proper because he relocated to California and whether the defendant's conduct warrants that he be estopped from challenging the propriety of service.
On November 8, 2005, the defendant executed a note in the amount of $497,500, which was secured by a mortgage encumbering real property located in East Meadow. In September 2008, the defendant entered into a loan modification agreement with a new principal balance of $545,951. The defendant allegedly defaulted on his mortgage obligation less than three months later, on December 1, 2008.
In October 2013, the plaintiff commenced a mortgage foreclosure action against the defendant, among others. In his answer, the defendant admitted that he resided at the subject property. In May 2015, during the pendency of the action, the defendant completed a mortgage assistance application form, in which he represented that the subject property was his principal residence. In a decision and order dated January 17, 2018, this Court, among other things, reversed so much of an order of the Supreme Court entered August 7, 2015, as denied the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him, so as to grant the cross-motion (see U.S. Bank N.A. v Henry, 157 AD3d 839, 842).
In June 2018, the plaintiff commenced this mortgage foreclosure action against the defendant, among others. According to the affidavits of the process servers, the plaintiff served the defendant pursuant to CPLR 308(4) by affixing copies of the summons and complaint to the door of the subject property and mailing copies of the summons and complaint to the subject property. The defendant did not appear in the action or answer the complaint. In May 2019, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order entered June 12, 2019, the Supreme Court granted the plaintiff's unopposed motion.
In October 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved pursuant to CPLR 5015(a)(4), in effect, to vacate the order entered June 12, 2019, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference, and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon him. In support of his cross-motion, the defendant submitted an affidavit in which he averred that he relocated to California during the summer of 2015, and that at the time of the purported service in July 2018, the subject property was neither his residence nor his usual place of abode. He also submitted a copy of a lease for an apartment in Los Angeles, which listed the defendant as the tenant and indicated that the term of the lease was from January 15, 2017, to December 14, 2019.
In opposition to the defendant's cross-motion, the plaintiff submitted, inter alia, the affidavits of its process servers. One of the process servers averred that she made a formal request upon the United States Postal Service and was informed that there was "no change of address order on file" with respect to the defendant in relation to the subject property. The process server further averred that formal requests made upon the New York State Department of Motor Vehicles and the Nassau County Board of Elections revealed no records with respect to the defendant. The plaintiff also submitted the defendant's 2015 mortgage assistance application, in which he represented that the subject property was his principal residence.
In an order entered June 29, 2020, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The court found that, even assuming that the defendant did not reside at the subject property on the date of service, he did not notify the plaintiff of his change of address as required pursuant to paragraph 15 of the mortgage agreement. In an order and judgment of foreclosure and sale entered October 19, 2020, the court, upon the order entered June 29, 2020, granting the plaintiff's motion and denying the defendant's cross-motion, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
The determination to remit this matter for a hearing is appropriate under these circumstances. As the majority has noted, where service is effected pursuant to CPLR 308(4), the plaintiff must demonstrate that the summons was affixed to the door of the dwelling place or usual place of abode of the person to be served and mailed to such person's last known residence (see id.). The "dwelling place" is one at which the defendant is actually residing at the time of delivery [*3](Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 777). The "usual place of abode" is a place at which the defendant lives with a degree of permanence and stability and to which he or she intends to return (Feinstein v Bergner, 48 NY2d 234, 239 n 3; US Bank, N.A. v Schumacher, 172 AD3d 1137, 1138).
Here, although the defendant proffered evidence that at some point he may have resided in California, he failed to establish that the subject property was neither his dwelling place, where he actually resided at the time of service, nor his usual place of abode, to which he intended to return. Notably, the defendant never notified the United States Postal Service that his mail should be forwarded to his new address in California. He also does not deny that he failed to notify the plaintiff of his alleged change of address, as he was required to do when he entered into the mortgage agreement. Thus, a hearing is necessary to determine whether the defendant was properly served with the summons and complaint.
With respect to the Supreme Court's determination that the defendant is estopped from challenging service of process, the defendant contends that he did not intentionally conceal his place of residence in order to evade service of process. "[W]here a defendant willfully misrepresent[s] his [or her] address or violate[s] a statutory notification requirement, or where he [or she] engage[s] in conduct calculated to prevent the plaintiff from learning his [or her] actual place of residence, he [or she] may be estopped from asserting the defense of defective service" (U.S. Bank, N.A. v Tauber, 186 AD3d 1451, 1452 [internal quotation marks omitted]). Here, since the defendant completed a mortgage loan modification application and represented that the subject property was his principal residence, and since he had been a defendant in a prior action to foreclose this mortgage, during which he admitted to residing at the subject property, he should have been on notice of his obligation under the mortgage agreement to notify the plaintiff of any change of address. He also should have been aware of the likelihood that the plaintiff would attempt to contact him or serve process upon him at the subject property. The evidence suggests that, by failing to notify either the plaintiff or the United States Postal Service of his alleged change of address, the defendant may have engaged in conduct calculated to prevent the plaintiff from learning his actual place of residence, such that a finding of estoppel may be warranted (see U.S. Bank, N.A. v Tauber, 186 AD3d 1451; cf. Nationstar Mtge., LLC v Esdelle, 186 AD3d 1384, 1388). Under the circumstances, a hearing is necessary in order to determine whether the defendant deliberately attempted to avoid service.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court