Citimortgage, Inc. v Goldstein (2024 NY Slip Op 04453)

Citimortgage, Inc. v Goldstein

2024 NY Slip Op 04453

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2022-00850
 (Index No. 605256/21)

[*1]Citimortgage, Inc., respondent, 
v
Jessica A. Goldstein, also known as Jessica Goldstein, also known as Jessica A. Castro, also known as Jessica Castro, et al., appellants, et al., defendants.

Law Offices of Paula A. Miller, P.C., Smithtown, NY, for appellants.
Akerman LLP, New York, NY (Jordan M. Smith and Shamola Bonner of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jessica A. Goldstein, also known as Jessica Goldstein, also known as Jessica A. Castro, also known as Jessica Castro, Lewis G. Goldstein, also known as Lewis Goldstein, and Trinity Estates, LLC, appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 13, 2022. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Lewis G. Goldstein, also known as Lewis Goldstein, for lack of personal jurisdiction and granted the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon that defendant and pursuant to CPLR 308(5) to direct an alternative method for service of process.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Lewis G. Goldstein, also known as Lewis Goldstein, and pursuant to CPLR 308(5) to direct an alternative method for service of process is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant Lewis G. Goldstein, also known as Lewis Goldstein, was properly served with process pursuant to CPLR 308(4) and a new determination thereafter of that branch of the motion of the defendants Jessica A. Goldstein, also known as Jessica Goldstein, also known as Jessica A. Castro, also known as Jessica Castro, Lewis G. Goldstein, also known as Lewis Goldstein, and Trinity Estates, LLC, which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Lewis G. Goldstein, also known as Lewis Goldstein, for lack of personal jurisdiction.
In April 2005, the defendants Jessica A. Goldstein, also known as Jessica Goldstein, also known as Jessica A. Castro, also known as Jessica Castro (hereinafter Jessica Goldstein), and Lewis G. Goldstein, also known as Lewis Goldstein (hereinafter the defendant, and together with Jessica Goldstein, the Goldsteins), executed a note in the sum of $825,000 in favor of the plaintiff's predecessor in interest. The note was secured by a mortgage on certain real property located in Stony Brook. In 2008, the plaintiff commenced an action against, among others, the Goldsteins to foreclose the mortgage (hereinafter the 2008 foreclosure action) and elected to call due the entire [*2]amount secured by the mortgage. In 2010, the plaintiff voluntarily discontinued the 2008 foreclosure action and commenced a second action against, among others, the Goldsteins to foreclose the mortgage (hereinafter the 2010 foreclosure action). In 2014, the plaintiff voluntarily discontinued the 2010 foreclosure action and commenced a third action against, among others, the Goldsteins to foreclose the mortgage (hereinafter the 2014 foreclosure action), in which an order and judgment of foreclosure and sale was entered in the plaintiff's favor. In a decision and order dated October 14, 2020, this Court reversed the order and judgment of foreclosure and sale entered in the 2014 foreclosure action (see CitiMortgage, Inc. v Goldstein, 187 AD3d 841).
In March 2021, the plaintiff commenced this action to foreclose the mortgage against, among others, the Goldsteins. Thereafter, the Goldsteins and Trinity Estates, LLC (hereinafter collectively the appellants), moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction. The plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant and pursuant to CPLR 308(5) to direct an alternative method for service of process. In an order dated January 13, 2022, the Supreme Court, among other things, denied that branch of the appellants' motion and granted the plaintiff's cross-motion. This appeal ensued.
A court lacks personal jurisdiction over a defendant who is not properly served with process (see Everbank v Kelly, 203 AD3d 138, 142; Nationstar Mtge., LLC v Esdelle, 186 AD3d 1384, 1386). Further, service of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308 (see Everbank v Kelly, 203 AD3d at 143; Bank of Am., N.A. v Genzler, 188 AD3d 634, 635). Ordinarily, a process server's sworn affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service (see Wells Fargo Bank, N.A. v Guerrero, 189 AD3d 1669, 1670). "'However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing'" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 663, quoting Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116).
Here, a process server's affidavit of service averred that the defendant was served pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of the property on March 31, 2021, and mailing a copy of the summons and complaint to that address on the same date, and by affixing the summons and complaint to the door of the defendant's former business address on April 9, 2021, and mailing a copy of the summons and complaint to that address on the same date. However, the appellants' submissions demonstrated their entitlement to a hearing to determine whether the defendant was properly served with process, as the appellants provided specific facts sufficient to rebut the presumption of proper service upon the defendant established by the process server's affidavit, including that in October 2019, the defendant moved out of the property, which was thereafter occupied by tenants (see U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d 657; Wells Fargo Bank, N.A. v Starr, 177 AD3d 815, 817).
Contrary to the plaintiff's contention, there is insufficient evidence in the record to determine that the defendant, by his conduct, should be estopped from raising a claim of defective service (see U.S. Bank N.A. v Henry, 219 AD3d 854, 857-858). "A defendant may be estopped from contesting the propriety of an address where service was attempted when the defendant has engaged in 'affirmative conduct which misleads a party into serving process at an incorrect address'" (id. at 858, quoting Everbank v Kelly, 203 AD3d at 145). However, as the Court of Appeals has recognized, "potential defendants ordinarily have no affirmative duty to keep those who might sue them abreast of their whereabouts" (Feinstein v Bergner, 48 NY2d 234, 241-242). Thus, a defendant's mere inaction—such as failing to update his or her address with the plaintiff, the Department of Motor Vehicles (hereinafter DMV), or the United States Postal Service (hereinafter USPS)—without more, may not be equated with affirmative or deliberate conduct designed to avoid service (see Castillo-Florez v Charlecius, 220 AD3d 1; U.S. Bank N.A. v Henry, 219 AD3d at 858; Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1388; European Am. Bank & Trust Co. v Serota, 242 AD2d 363, 364). Here, the defendant's failure to update his address with the plaintiff, DMV, or USPS, or to update his voting records with a new address, did not constitute "affirmative conduct" [*3](U.S. Bank N.A. v Henry, 219 AD3d at 858 [internal quotation marks omitted]), and such failure was insufficient to establish, without a hearing, that the defendant should be estopped from contesting service as a matter of law (see Castillo-Florez v Charlecius, 220 AD3d at 13; U.S. Bank N.A. v Henry, 219 AD3d at 858).
Furthermore, the defendant's decision to forward his mail from the property to a post office box and to a former business address after moving out of the property was consistent with the defendant no longer residing at the property. Indeed, had the defendant neglected to forward his mail after moving out of the property, such inaction would have been more consistent with the defendant continuing to reside at the property. Thus, the sole affirmative conduct by the defendant in this action—forwarding his mail from the property—cannot be deemed affirmative or deliberate conduct designed to avoid service by misleading the plaintiff into believing that the defendant still resided at the property. To the extent the plaintiff contends that the defendant had an affirmative obligation to provide the plaintiff with an updated address after moving out of the property, the plaintiff's contention is without merit (see Feinstein v Bergner, 48 NY2d at 241-242). Moreover, the plaintiff's contention fails to account for the defendant's transient living situation after moving out of the property. The defendant explained in his affidavit that after he moved out of the property in October 2019, he did not provide an updated address because he was not "permanently settled anywhere," and that he stayed for periods of time at his mother's home in Pennsylvania and with his son in Florida. Further, to the extent our dissenting colleague asserts that the defendant had any heightened obligation because he "should have anticipated that service would be attempted" in light of the prior foreclosure actions commenced against him or his failure to make mortgage payments, we respectfully disagree. There is no authority imposing any heightened obligation on an individual merely because he or she has reason to believe that he or she will be named as a defendant in a foreclosure action, and we decline to hold that a defendant may be estopped from contesting service absent a showing of affirmative or deliberate conduct designed to avoid service.
Consequently, the Supreme Court should have conducted a hearing before determining that branch of the appellants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308(4) and a new determination thereafter of that branch of the appellants' motion.
Furthermore, the Supreme Court should have denied the plaintiff's cross-motion, inter alia, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant, since the action was time-barred, and thus, the court was without authority to extend the plaintiff's time to serve the summons and complaint upon the defendant (see Deutsche Bank Natl. Trust Co. v Booker, 221 AD3d 579, 582; Stein v Davidow, Davidow, Siegel & Stern, LLP, 186 AD3d 774, 776). "Pursuant to CPLR 213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt" (id.). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects to call due the entire amount secured by the mortgage (see Ditech Fin., LLC v Connors, 206 AD3d 694, 697). Here, at the time of the commencement of the 2008 foreclosure action, the plaintiff elected to call due the entire amount secured by the mortgage. Thus, the statute of limitations began to run in 2008, more than six years prior to the commencement of this action in March 2021 (see Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682). Contrary to the plaintiff's contention, pursuant to CPLR 3217, as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]), the voluntary discontinuance of the 2008 foreclosure action did not serve to revive or reset the statute of limitations (see CPLR 3217[e]; Bank of N.Y. Mellon v Norton, 219 AD3d at 682; Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 723). Thus, this action was untimely, and the court lacked the authority to extend the plaintiff's time to serve the summons and complaint upon the defendant (see Deutsche Bank Natl. Trust Co. v Booker, 221 AD3d at 582; Stein v Davidow, Davidow, Siegel & Stern, LLP, 186 AD3d at 776).
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN and DOWLING, JJ., concur.
MALTESE, J., concurs in part and dissents in part, and votes to modify the order, on the law, by deleting the provision thereof granting the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Lewis G. Goldstein, also known as Lewis Goldstein, and pursuant to CPLR 308(5) to direct an alternative method for service of process, and substituting therefor a provision denying the cross-motion, and, as so modified, to affirm the order insofar as appealed from, with the following memorandum:
I agree with the Supreme Court's determination to deny that branch of the appellants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Lewis G. Goldstein, also known as Lewis Goldstein (hereinafter the defendant), for lack of personal jurisdiction. Contrary to the determination of my colleagues in the majority, I find that the court properly determined that the defendant was estopped from challenging service (see Hudson Val. Bank, N.A. v Eagle Trading, 208 AD3d 648; U.S. Bank, N.A. v Tauber, 186 AD3d 1451; cf. Castillo-Florez v Charlecius, 220 AD3d 1; U.S. Bank N.A. v Henry, 219 AD3d 854). Estoppel "may preclude a defendant 'from challenging the location and propriety of service of process if that defendant has engaged in affirmative conduct which misleads a party into serving process at an incorrect address'" (Castillo-Florez v Charlecius, 220 AD3d at 6, quoting Everbank v Kelly, 203 AD3d 138, 145 [internal quotation marks omitted]; see Hudson Val. Bank, N.A. v Eagle Trading, 208 AD3d at 650). "This includes situations, for example, where a defendant willfully misrepresents his or her address, or engages in conduct calculated to prevent the plaintiff from learning his or her actual place of residence" (Castillo-Florez v Charlecius, 220 AD3d at 6).
Here, the plaintiff established that the defendant engaged in conduct calculated to prevent the plaintiff from learning his actual place of residence. The defendant purportedly vacated the property in October 2019 and admits to renting the property, yet continued to fail to pay the mortgage. The plaintiff submitted evidence that the defendant failed to satisfy his contractual obligation to notify the plaintiff of his purported address change pursuant to section 15 of the mortgage agreement. The defendant also failed to update his voter registration records and failed to notify the New York State Department of Motor Vehicles of his change of residence as required by Vehicle and Traffic Law § 505(5). The defendant did not file a change of address with the United States Postal Service, but instead forwarded his mail to a post office box and to an office that he asserts is his former business address, where the plaintiff made four attempts to personally serve the defendant. The defendant asserts, in effect, that he had no permanent residence or dwelling place, as he was traveling between family members' residences in Pennsylvania and Florida, and he was not "permanently settled anywhere," such that service under CPLR 308(1), (2), or (4) would have been nearly impossible. The circumstances here include the defendant's failure to notify multiple different entities of his purported change of address and his affirmative conduct of forwarding his mail to a business address that he apparently vacated, where the plaintiff repeatedly attempted to serve him. Based on the facts of this case, the Supreme Court correctly determined that the defendant's conduct was calculated to prevent the plaintiff from learning his actual place of residence.
Furthermore, in light of the multiple prior foreclosure actions that were commenced against the defendant and the defendant's admitted continued failure to pay the mortgage, the defendant should have anticipated that service of process would be attempted to recover the outstanding mortgage payments. The majority cites to Feinstein v Bergner (48 NY2d 234, 241-242), which involved a wrongful death action arising from a motor vehicle accident, in which the Court of Appeals stated that "potential defendants ordinarily have no affirmative duty to keep those who might sue them abreast of their whereabouts" (emphasis added). Here, however, the defendant had an affirmative contractual obligation under the mortgage agreement to notify the plaintiff of any change of address. Under these circumstances, the Supreme Court properly determined that the defendant was estopped from challenging service.
Accordingly, I would affirm so much of the order as denied that branch of the appellants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction.
However, I reluctantly concur with my colleagues in the majority with respect to the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant and pursuant to CPLR 308(5) to direct an alternative method for service of process in this fourth foreclosure action. Although the record on this appeal is limited, one can infer that the plaintiff voluntarily discontinued the first and second foreclosure actions in order to give the defendant an opportunity to work out a resolution and avoid a foreclosure sale. Under a retroactive amendment to CPLR 3217, the plaintiff's voluntary discontinuances of the first and second foreclosure actions are no longer sufficient to reset the statute of limitations (see id. § 3217[e]). Furthermore, although the plaintiff commenced this action within six months of the dismissal of the third foreclosure action, due to the retroactive application of amendments to CPLR 205 and the addition of section 205-a to the CPLR, the plaintiff is no longer entitled to the benefit of the savings provision set forth in CPLR 205 (see id. §§ 205, 205-a; cf. Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193).
Consequently, the majority now finds that the retroactive effect of the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff. Dec. 30, 2022]; hereinafter FAPA) bars the plaintiff's attempt to utilize CPLR 306-b to extend the time to serve the summons and complaint upon the defendant and CPLR 308(5) to direct an alternative method for service of process in this action. If this appeal had been decided just prior to the enactment of FAPA, this action would not be time-barred. While much criticism has surrounded the retroactive enforcement of FAPA seeking to declare FAPA unconstitutional due to its retroactive effect and breach of the Contract Clause of the United States Constitution, as of this date the issue has not been ruled upon by this Court or by the Court of Appeals.
Accordingly, I am constrained to concur with my colleagues in the majority in denying the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant and pursuant to CPLR 308(5) to direct an alternative method for service of process.
ENTER:
Darrell M. Joseph
Clerk of the Court