Wells Fargo Bank, N.A. v Enitan (2021 NY Slip Op 06719)





Wells Fargo Bank, N.A. v Enitan


2021 NY Slip Op 06719


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2018-09600
 (Index No. 24791/08)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Sarah Enitan, et al., defendants, Michael Enitan, appellant.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and David R. Smith of counsel), for appellant.
McCabe, Weisberg & Conway, LLC (Greenberg Traurig, LLP, New York, NY [Patrick G. Broderick], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Enitan appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Mark I. Partnow, J.), dated February 13, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated January 30, 2018, denying that defendant's cross motion to dismiss the complaint insofar as asserted against him for failure to comply with a court rule or, in the alternative, pursuant to CPLR 5015(a) to vacate an order of the same court (Kenneth P. Sherman, J.) dated August 16, 2010, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In April 2006, Sarah Enitan borrowed the sum of $530,000 from Union Federal Mortgage Corporation. The loan was memorialized by a note and secured by a mortgage she executed along with Michael Enitan (hereinafter the defendant) encumbering certain property in Brooklyn.
In August 2008, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others, alleging that he breached his obligations under the mortgage by failing to make the payment due on February 1, 2008. According to an affidavit of service, the defendant was served with the summons and complaint pursuant to CPLR 308(4). When none of the defendants answered the complaint or appeared in the action, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order dated August 16, 2010, the Supreme Court granted the plaintiff's unopposed motion and referred the matter to a referee to compute the amount due to the plaintiff. Thereafter, in an order dated February 4, 2014, the court, after a status conference, directed dismissal of the complaint as abandoned pursuant to CPLR [*2]3215(c). On June 25, 2015, however, the court granted the plaintiff's motion to vacate the order of dismissal and to restore the action to the active calendar.
In March 2017, upon the referee's computation of the amount due to the plaintiff, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against him for failure to comply with Kings County Supreme Court Uniform Civil Term Rules, Part F, rule 8, or, in the alternative, pursuant to CPLR 5015(a) to vacate the order dated August 16, 2010, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated January 30, 2018, the Supreme Court denied the defendant's cross motion. In an order and judgment of foreclosure and sale dated February 13, 2018, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897). The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889). CPLR 308 requires that service be attempted by personal delivery of the summons "to the person to be served" (id. § 308[1]), or by delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" (id. § 308[2]). Service pursuant to CPLR 308(4), commonly known as affix and mail service, may be used only where service under CPLR 308(1) or (2) cannot be made with "due diligence" (id. § 308[4]; see Feinstein v Bergner, 48 NY2d 234, 238-239; HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884). Since CPLR 308(4) does not define "due diligence," it has been interpreted and applied on a case-by-case basis (see Barnes v City of New York, 51 NY2d 906, 907). The due diligence requirement may be met with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (Estate of Waterman v Jones, 46 AD3d 63, 66; see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d at 884; Wells Fargo Bank NA v Besemer, 131 AD3d 1047, 1048).
"[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743). "'Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits'" (BAC Home Loans Servicing, LP v Carrasco, 160 AD3d 688, 689, quoting Scarano v Scarano, 63 AD3d 716, 716 [internal quotation marks omitted]). "The sworn denial of receipt of service must be a 'detailed and specific contradiction' of the allegations in the process server's affidavit" (Rodriguez v 60 Graham, LLC, 173 AD3d 1095, 1095-1096, quoting Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344).
Here, the process server's affidavit of service, in which he attested that he attempted to serve the defendant on three prior occasions, constituted prima facie evidence of proper service pursuant to CPLR 308(4). In opposition and in support of his cross motion, the defendant's unsupported averment that he did not reside at the subject property at the time of service was insufficient to rebut the presumption of proper service created by the process server's affidavit (see Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157).
Furthermore, the Supreme Court properly denied that branch of the defendant's cross [*3]motion which was to dismiss the complaint insofar as asserted against him for failure to comply with Kings County Supreme Court Uniform Civil Term Rules, Part F, rule 8. Under the circumstances of this case, the court providently exercised its discretion in accepting the plaintiff's proffered excuse for the delay in moving for a judgment of foreclosure and sale (see U.S. Bank N.A. v Cabrera, 192 AD3d 1176; OneWest Bank, FSB v Rodriguez, 171 AD3d 772, 773).
Accordingly, the Supreme Court properly denied the defendant's cross motion and granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court