Deutsche Bank Natl. Trust Co. v Williams (2023 NY Slip Op 01982)

Deutsche Bank Natl. Trust Co. v Williams

2023 NY Slip Op 01982

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-12612
 (Index No. 710349/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Benny Williams, appellant, et al., defendants.

Law Offices of David M. Doré, New York, NY, for appellant.
Eckert Seamans Cherin & Mellot, LLC, White Plains, NY (Sarah J. Greenberg and Riyaz G. Bhimani of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Benny Williams appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated September 20, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was, in effect, pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court dated September 26, 2018, entered upon his default in appearing or answering the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 3, 2005, the defendant Benny Williams (hereinafter the defendant) executed a note in the sum of $255,000, which was secured by a mortgage on residential property located in South Ozone Park (hereinafter the premises). The plaintiff subsequently commenced this action against the defendant, among others, to foreclose the mortgage. According to an affidavit of service, the address of the location where the defendant was served with process was "133-19 121st Street." The defendant failed to timely appear or answer the complaint. A judgment of foreclosure and sale dated September 26, 2018, was thereafter entered upon the defendant's default.
By order to show cause dated May 14, 2019, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale. The plaintiff opposed the motion. In an order dated September 20, 2019, the Supreme Court, among other things, denied that branch of the motion. The defendant appeals.
"The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174 [citations omitted]; see Brownstone Capital NY, LLC v Lindsay, 183 AD3d 687, 688).
"'Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service'" (Federal Natl. [*2]Mtge. Assn. v Alverado, 167 AD3d 987, 988, quoting Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988, quoting U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155; see Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625).
Here, the process server's affidavit of service constituted prima facie evidence of proper service and, thus, gave rise to a presumption of proper service (see Bank of N.Y. Mellon v Ziangos, 194 AD3d 778, 779). In an affidavit in support of his motion, inter alia, to vacate the judgment of foreclosure and sale, the defendant stated that the plaintiff effected service of process "at 113-20," and denied that he lived at that address. However, that was not the address recited in the affidavit of service. Moreover, the defendant offered no specific facts or documentary or other evidence demonstrating that he did not reside at the address where service was effected. Therefore, his affidavit was insufficient to rebut the presumption of proper service established by the affidavit of service (see Deutsche Bank Natl. Trust Co. v Lubonty, 208 AD3d 142, 151; American Home Mtge. Acceptance, Inc. v Lubonty, 188 AD3d 767, 770; Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157; cf. Brownstone Capital NY, LLC v Lindsay, 183 AD3d at 689; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 777; Sileo v Victor, 104 AD3d 669, 670).
To the extent the defendant argues that vacatur of the judgment of foreclosure and sale was warranted pursuant to CPLR 5015(a)(3), his contention is without merit, as he failed to establish the existence of fraud, misrepresentation, or other misconduct on the part of the plaintiff (see Community W. Bank, N.A. v Stephen, 153 AD3d 899, 900). Moreover, to the extent the defendant argues that vacatur of the judgment of foreclosure and sale was warranted pursuant to CPLR 5015(a)(1), he failed to demonstrate a reasonable excuse for his default, since the only excuse he proffered was that he was not served with process (see Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753). The absence of a reasonable excuse for the default renders it unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (see id. at 753).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale.
In light of our determination, we need not reach the defendant's remaining contention.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court