Citimortgage, Inc. v Unger (2024 NY Slip Op 04454)

Citimortgage, Inc. v Unger

2024 NY Slip Op 04454

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-10167
 (Index No. 14534/12)

[*1]Citimortgage, Inc., respondent, 
v
Scott Unger, appellant, et al., defendants.

David A. Gallo & Associates, LLP, Manhasset, NY (Robert M. Link of counsel), for respondent.
IM Law Group, P.C., Cedarhurst, NY (Igor Meystelman of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Scott Unger appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered November 18, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered May 5, 2017, upon his failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 8, 2007, the defendant Scott Unger (hereinafter the defendant) executed a note in the sum of $409,500, which was secured by a mortgage on certain residential property located on Lafayette Boulevard in Long Beach (hereinafter the mortgaged premises). The plaintiff subsequently commenced this action against the defendant, among others, to foreclose the mortgage. According to affidavits of service of the plaintiff's process server, in December 2012, the defendant was served with process pursuant to CPLR 308(4) at the mortgaged premises and a stated address on West Walnut Street in Long Beach (hereinafter the West Walnut Street property). The defendant failed to timely appear or answer the complaint, and ultimately an order and judgment of foreclosure and sale was entered on May 5, 2017.
In September 2022, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The plaintiff opposed the motion. In an order entered November 18, 2022, the Supreme Court, among other things, denied those branches of the motion. The defendant appeals.
"'The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void'" (Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d 799, 799-800, quoting Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174).
'"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service"' (id. at 800, quoting Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988 [internal quotation marks omitted]). "'To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service'" (id., quoting Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (id. [internal quotation marks omitted]; see U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155).
Here, the process server's affidavits of service constituted prima facie evidence of proper service and, thus, gave rise to a presumption of proper service (see U.S. Bank N.A. v Henry, 219 AD3d 854, 857; Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d at 800). In an affidavit submitted in support of his motion, inter alia, to vacate the order and judgment of foreclosure and sale, the defendant stated that while the process server might have left process at the mortgaged premises, as well as at the West Walnut Street property, the defendant did not live at those addresses at the time of service, but that he instead lived at a different temporary address in Long Beach with his children's mother. Notably, the defendant averred that he "was never served with the Summons and Complaint," even though he "routinely went back to [his] properties to retrieve the mail sent to [him]."
The defendant offered no specific facts, or documentary or other evidence, demonstrating that the mortgaged premises or the West Walnut Street property, where service was presumably effected, was not his usual place of abode (see CPLR 308[4]; U.S. Bank N.A. v Henry, 219 AD3d at 857). Therefore, the defendant's affidavit was insufficient to rebut the presumption of proper service established by the affidavits of service (see Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d at 800; Deutsche Bank Natl. Trust Co. v Lubonty, 208 AD3d 142, 151; American Home Mtge. Acceptance, Inc. v Lubonty, 188 AD3d 767, 770). Thus, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the order and judgment of foreclosure and sale (see Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d at 800).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court