Matter of Rose R. (Ross) (2024 NY Slip Op 05213)

Matter of Rose R. (Ross)

2024 NY Slip Op 05213

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2020-07006
 (Index No. 100226/19)

[*1]In the Matter of Rose R. (Anonymous). Keesha Kym Ross, respondent, Renee Oppenheimer, respondent-respondent; 554 Eastern Parkway 123, LLC, nonparty-appellant. (Matter No. 1)
NYCTL 2017-A Trust, et al., plaintiffs, Rose R. (Anonymous), etc., defendant-respondent, et al., defendants; 554 Eastern Parkway 123, LLC, nonparty-appellant. (Matter No. 2)

Altman Schochet LLP, New York, NY (Irena Shternfeld of counsel), for nonparty-appellant.
Jan Ira Gellis, P.C., New York, NY (Andrew H. Meier of counsel), for defendant-respondent.

DECISION & ORDER
In a consolidated action to foreclose a tax lien and guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Keesha Kym Ross and Renee Oppenheimer were appointed as the co-guardians of the person of Rose R., an incapacitated person, and Renee Oppenheimer was appointed as the sole guardian of the property of Rose R., nonparty 554 Eastern Parkway 123, LLC, appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 25, 2020. The order (1) denied the cross-motion of nonparty 554 Eastern Parkway 123, LLC, (a) to vacate so much of an order of the same court dated February 24, 2020, as granted those branches of the motion of Renee Oppenheimer which were to consolidate the guardianship proceeding, which was pending in the Supreme Court, Kings County, under Index No. 100226/19, with an action entitled NYCTL 2017-A Trust et al. v Rose R. (Anonymous), which was pending in the same court under Index No. 507623/18, and for a nunc pro tunc determination of incapacity with respect to Rose R., and (b) to transfer the action entitled NYCTL 2017-A Trust et al. v Rose R. (Anonymous) back to the originally assigned judge, and (2) granted those branches of the motion of Rose R. which were pursuant to CPLR 5015(a)(4) to vacate so much of a judgment of foreclosure and sale of the same court (Mark I. Partnow, J.) dated February 26, 2019, issued upon Rose R.'s failure to appear or answer the complaint in the action entitled NYCTL 2017-A Trust et al. v Rose R. (Anonymous), as was against Rose R. and to set aside the foreclosure sale and, thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint in the action entitled NYCTL 2017-A Trust et al. v Rose R. (Anonymous) insofar as asserted against Rose R. for lack of personal jurisdiction.
ORDERED that the order dated August 25, 2020, is affirmed, with costs payable to [*2]the defendant-respondent.
In April 2018, NYCTL 2017-A Trust and Bank of New York of Mellon (hereinafter together the foreclosure plaintiffs), commenced an action entitled NYCTL 2017-A Trust et al. v Rose R. (Anonymous) in the Supreme Court, Kings County, under Index No. 507623/18, to foreclose a tax lien encumbering premises owned by the defendant Rose R. (hereinafter the subject property). Rose R. failed to appear or answer the complaint in that action (hereinafter the foreclosure action). The Supreme Court granted those branches of the foreclosure plaintiffs' motion which were for leave to enter a default judgment against Rose R. and for an order of reference and subsequently issued a judgment of foreclosure and sale dated February 26, 2019. Nonparty 554 Eastern Parkway 123, LLC (hereinafter 554 Eastern), purchased the subject property at a foreclosure sale.
Shortly thereafter, Keesha Kym Ross commenced a guardianship proceeding pursuant to Mental Hygiene Law article 81 in the Supreme Court, Kings County, under Index No. 100226/19, seeking the appointment of a guardian of the person and property of Rose R., an alleged incapacitated person (hereinafter the guardianship proceeding). In January 2020, the Supreme Court determined that Rose R. was incapacitated within the meaning of Mental Hygiene Law article 81, appointed Ross and the court evaluator, Renee Oppenheimer, as the co-guardians of the person of Rose R., and appointed Oppenheimer as the sole guardian of the property of Rose R.
Meanwhile, in November 2019, Rose R. had moved in the foreclosure action, among other things, pursuant CPLR 5015(a)(4) to vacate so much of the judgment of foreclosure and sale as was against her and to set aside the foreclosure sale and, thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. 554 Eastern opposed the motion.
While Rose R.'s motion in the foreclosure action remained pending, Oppenheimer moved in the guardianship proceeding, inter alia, to consolidate the guardianship proceeding with the foreclosure action and for a nunc pro tunc determination that Rose R. was incapacitated as of January 2017. In an order dated February 24, 2020, the Supreme Court, in the guardianship proceeding, among other things, granted those branches of Oppenheimer's motion.
554 Eastern thereafter cross-moved to vacate so much of the February 24, 2020 order as granted those branches of Oppenheimer's motion which were to consolidate the guardianship proceeding with the foreclosure action and for a nunc pro tunc determination that Rose R. was incapacitated as of January 2017, and to transfer the foreclosure action back to the originally assigned judge. In an order dated August 25, 2020, the Supreme Court, inter alia, denied 554 Eastern's cross-motion and granted those branches of Rose R.'s motion which were pursuant to CPLR 5015(a)(4) to vacate so much of the judgment of foreclosure and sale as was against her and to set aside the foreclosure sale and, thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. 554 Eastern appeals from the order dated August 25, 2020.
"A motion to consolidate two or more actions rests within the sound discretion of the trial court" (American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 622). Where common questions of fact or law exist, a motion pursuant to CPLR 602(a) for consolidation or joinder should be granted, absent a showing of prejudice to a substantial right by the party opposing the motion (see HSBC Bank USA, N.A. v Francis, 214 AD3d 58, 62; Disa Realty, Inc. v Rao, 198 AD3d 869, 871).
Here, the guardianship proceeding and the foreclosure action shared common questions of law and fact concerning the mental competency of Rose R., who defaulted in paying the taxes on the subject property and in answering and appearing in the foreclosure action (see Disa Realty, Inc. v Rao, 198 AD3d at 872; Rhoe v Reid, 166 AD3d 919, 921). Furthermore, consolidation will not prejudice a substantial right of the parties to the foreclosure action and will avoid unnecessary duplication of proceedings, save unnecessary costs, and prevent the injustice that would arise from divergent decisions based on the same facts (see Disa Realty, Inc. v Rao, 198 AD3d at 872; Rhoe v Reid, 166 AD3d at 921).
Contrary to the contention of 554 Eastern, this Court's decision in Matter of Joseph J. (106 AD3d 1004, 1005-1006) is not controlling, as the guardianship proceeding at issue there did not share common questions of law or fact with a foreclosure action and quiet title actions sought to be consolidated with the guardianship proceeding. The foreclosure action and quiet title actions in that case did not concern the mental competency of the incapacitated person, Joseph J., but rather the authority of Joseph J.'s daughter to execute a mortgage on certain real property.
Moreover, while, in this case, a judgment of foreclosure and sale had already been issued at the time consolidation of the guardianship proceeding and the foreclosure action was sought, there were active proceedings occurring in the foreclosure action at that time, since Rose R.'s motion, among other things, to vacate the judgment of foreclosure and sale was then pending (see Cummin v Cummin, 56 AD3d 400; Geller v Geller, 247 AD2d 364; see also Disa Realty, Inc. v Rao, 198 AD3d at 872; cf. IndyMac Bank, F.S.B. v Vincoli, 105 AD3d 704, 707).
Accordingly, the Supreme Court did not improvidently exercise its discretion in granting that branch of Oppenheimer's motion which was to consolidate the guardianship proceeding with the foreclosure action.
The Supreme Court also did not err in granting those branches of Rose R.'s motion which were to vacate so much of the judgment of foreclosure and sale as was against her and to set aside the foreclosure sale and, thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. "Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738). "The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (id.; see Bank United, FSB v Verbitsky, 167 AD3d 833, 834).
CPLR 308 requires that service be attempted by personal delivery of the summons "to the person to be served" (id. § 308[1]), or by delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" (id. § 308[2]). "Service pursuant to CPLR 308(4), commonly known as affix and mail service, may be used only where service under CPLR 308(1) or (2) cannot be made with 'due diligence'" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d at 738, quoting CPLR 308[4]; see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884).
Here, the process server's affidavit of service did not constitute prima facie evidence of proper service pursuant to CPLR 308(4), as it revealed that the process server made such substituted service when service could have been made by personal delivery pursuant to CPLR 308(1). Specifically, the process server averred that, on the second attempt at service, Rose R. was at home and identified herself to the process server. "Whether [Rose R.] agreed or refused to accept service is irrelevant because the delivery requirement may be met by leaving the summons in the general vicinity of a person who resists service" (Miske v Maher, 156 AD2d 986, 986; see Bossuk v Steinberg, 58 NY2d 916, 918; Hall v Wong, 119 AD3d 897; Spector v Berman, 119 AD2d 565, 565-566). Since service pursuant to CPLR 308(1) could have been made with due diligence, the process server's resort to substituted service pursuant to CPLR 308(4) was improper and did not confer personal jurisdiction over Rose R. (see Ramirez v Romualdo, 25 AD3d 680; Miske v Maher, 156 AD2d 986).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., IANNACCI, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court