Creswell Invs., Ltd. v Brazil+Q1 Ltd. (2025 NY Slip Op 00081)

Creswell Invs., Ltd. v Brazil+Q1 Ltd.

2025 NY Slip Op 00081

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LOURDES M. VENTURA, JJ.

2023-00130
 (Index No. 717634/19)

[*1]Creswell Investments, Ltd., appellant, 
v
Brazil+Q1 Limited, et al., respondents.

Law Offices of Daniel W. Isaacs, PLLC, Mount Kisco, NY, for appellant.
Guzov, LLC, New York, NY (Anne W. Salisbury of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered November 22, 2022. The order, insofar as appealed from, granted those branches of the defendants' cross-motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Tom Cauchouis and Peter Laudano and denied those branches of the plaintiff's motion which were for leave to enter a default judgment against those defendants.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Tom Cauchouis, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Tom Cauchouis; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of whether the defendant Tom Cauchouis was properly served with process pursuant to CPLR 308(2) and further proceedings thereafter in accordance herewith.
In October 2019, the plaintiff commenced this action against the defendants, Brazil+Q1 Limited, Tom Cauchouis, and Peter Laudano, alleging breach of contract and fraud related to an investment agreement. In February 2021, the plaintiff moved, inter alia, for leave to enter a default judgment against Cauchouis and Laudano. The defendants cross-moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against those defendants or, in the alternative, to extend their time to serve an answer. In an order entered November 22, 2022, the Supreme Court, inter alia, granted, in effect, pursuant to CPLR 3211(a)(8), those branches of the defendants' cross-motion which were to dismiss the complaint insofar as asserted against Cauchouis and Laudano and denied those branches of the plaintiff's motion which were for leave to enter a default judgment against Cauchouis and Laudano. The plaintiff appeals.
Service of process upon a natural person must be made in strict compliance with statutory methods of service pursuant to CPLR 308 (see Niebling v Pioreck, 222 AD3d 873, 874; Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174). The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are [*2]thereby rendered null and void (see Niebling v Pioreck, 222 AD3d at 874; Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d 799, 800; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897).
"CPLR 308 requires that service be attempted by personal delivery of the summons 'to the person to be served' (id. § 308[1]), or by delivery 'to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode'" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738, quoting CPLR 308[2]). Service pursuant to CPLR 308(4) may be used only where service under CPLR 308(1) or (2) cannot be made with "due diligence" (id. § 308[4]; see Niebling v Pioreck, 222 AD3d at 874; Estate of Waterman v Jones, 46 AD3d 63, 65). "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (Niebling v Pioreck, 222 AD3d at 875 [internal quotation marks omitted]).
Here, with respect to Laudano, the plaintiff failed to demonstrate that the process server acted with due diligence before relying on affix and mail service pursuant to CPLR 308(4) (see Niebling v Pioreck, 222 AD3d at 874; Faruk v Dawn, 162 AD3d 744, 745). The process server averred that he made three attempts to personally serve Laudano at his "usual place of abode" before affixing the summons and complaint to the door thereof. Two of those attempts were made on consecutive days and all three attempts were made between 10:00 a.m. and 1:00 p.m. Therefore, the Supreme Court properly granted, in effect, pursuant to CPLR 3211(a)(8) that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against Laudano and denied that branch of the plaintiff's motion which was for leave to enter a default judgment against Laudano (see Niebling v Pioreck, 222 AD3d at 875).
However, the Supreme Court should have held a hearing before determining that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against Cauchouis and that branch of the plaintiff's motion which was for leave to enter a default judgment against Cauchouis. "A process server's affidavit of service constitutes prima facie evidence of proper service" (Mizerek v Rosenfeld, 162 AD3d 1005, 1006 [internal quotation marks omitted]). A defendant may raise a question of fact about the affidavit of service by submitting a sworn denial of receipt of service (see id. at 1007; HSBC Bank USA, N.A. v Archibong, 157 AD3d 662). The denial must be substantiated by specific, detailed statements, and/or independent evidence that contradicts the allegations in the affidavit of service (see Mizerek v Rosenfeld, 162 AD3d at 1007; American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d 1004, 1005). If the presumption is rebutted, a hearing to determine the propriety of service of process is necessary (see Matter of Rockman v Nassau County Sheriff's Dept., 224 AD3d 758, 759; Mizerek v Rosenfeld, 162 AD3d at 1007; Machovec v Svoboda, 120 AD3d 772, 773).
Here, the affidavit of service of the plaintiff's process server constituted prima facie evidence of proper service of the summons and complaint upon Cauchouis pursuant to CPLR 308(2) (see Mizerek v Rosenfeld, 162 AD3d at 1007; Kondaur Capital Corp. v McAuliffe, 156 AD3d 778, 779). However, Cauchouis's affidavit and other evidence rebutted that presumption (see Mizerek v Rosenfeld, 162 AD3d at 1007; HSBC Bank USA, N.A. v Archibong, 157 AD3d 662). Therefore, the Supreme Court should have directed a hearing to determine whether Cauchouis was properly served with process (see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d at 1005).
Accordingly, we must remit the matter to the Supreme Court, Queens County, for a hearing on the issue of whether Cauchouis was properly served with process pursuant to CPLR 308(2) and new determinations thereafter of that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Cauchouis and that branch of the plaintiff's motion which was for leave to enter a default judgment against Cauchouis. If necessary, the court should also determine that branch of the defendants' cross-motion which was to extend Cauchouis's time to serve an answer, which remains pending and undecided.
DILLON, J.P., GENOVESI, CHAMBERS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court