Jackson 50-Lee LP v Rahul Exclusive, Inc. (2025 NY Slip Op 00850)

Jackson 50-Lee LP v Rahul Exclusive, Inc.

2025 NY Slip Op 00850

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-00362
 (Index No. 706608/22)

[*1]Jackson 50-Lee LP, respondent,
v
Rahul Exclusive, Inc., et al., appellants.

DiGangi Law Firm, Richmond Hill, NY (Angelo A. DiGangi of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered December 1, 2022. The order, insofar as appealed from, denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Harshit Chugh for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In March 2022, the plaintiff commenced this action against the defendants to recover damages for breach of contract. In July 2022, the defendants moved, inter alia, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Harshit Chugh for lack of personal jurisdiction. The plaintiff opposed. In an order entered December 1, 2022, the Supreme Court, among other things, denied that branch of the defendants' motion.
"A process server's affidavit of service constitutes prima facie evidence of proper service" (US Bank, N.A. v Knight, 227 AD3d 1035, 1036 [internal quotation marks omitted]; see Newlands Asset Holding Trust v Vasquez, 218 AD3d 786, 788). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (Federal Natl. Mtge. Assn. v Grossman, 205 AD3d 770, 771 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738). "'The sworn denial of receipt of service must be a detailed and specific contradiction of the allegations in the process server's affidavit'" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d at 738, quoting Rodriguez v 60 Graham, LLC, 173 AD3d 1095, 1095-1096 [internal quotation marks omitted]; see Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847).
Here, the plaintiff submitted an affidavit of service by a process server that reflected that Chugh was served pursuant to CPLR 308(2) on May 7, 2022, by delivery of the summons and complaint to a person of suitable age and discretion at Chugh's last known address, followed by the required mailing to the same address. Chugh's averment that he did not live with the person described in the process server's affidavit, without more, was insufficient to rebut the presumption [*2]of proper service created by the process server's affidavit (see Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157).
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Chugh for lack of personal jurisdiction.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court