Bank of N.Y. Mellon v Simpson (2025 NY Slip Op 04970)

Bank of N.Y. Mellon v Simpson

2025 NY Slip Op 04970

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-11805
 (Index No. 500676/13)

[*1]Bank of New York Mellon, etc., respondent, 
v
Sandra Simpson, as administrator of the estate of Georgia Simpson, appellant, et al., defendants.

Auciello Law Group, P.C., Brooklyn, NY (Anthony Auciello of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Laurence P. Chirch and Sarah J. Greenberg of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sandra Simpson, as administrator of the estate of Georgia Simpson, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 7, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated June 16, 2022, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether Georgia Simpson was properly served with process pursuant to CPLR 308(4) and a new determination thereafter of those branches of the motion of the defendant Sandra Simpson, as administrator of the estate of Georgia Simpson, which were pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
In February 2013, the plaintiff commenced this action against, among others, Georgia Simpson (hereinafter the borrower) to foreclose a mortgage on certain real property located in Brooklyn. The borrower, who never appeared in this action or interposed an answer, died in October 2017. In November 2019, the Surrogate's Court issued letters of administration appointing Sandra Simpson, the borrower's daughter, as the administrator of the borrower's estate. Thereafter, the plaintiff moved, inter alia, to amend the caption to substitute Sandra Simpson, as the administrator of the borrower's estate, for the borrower, to confirm a referee's report, and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated June 16, 2022, the Supreme Court, among other things, granted those branches of the motion, confirmed the referee's report, and directed the sale of the property.
In March 2023, Sandra Simpson, as the administrator of the borrower's estate (hereinafter the defendant), moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a) to dismiss the complaint insofar as [*2]asserted against her on the ground, among others, of lack of personal jurisdiction based on improper service upon the borrower. In an order dated September 7, 2023, the Supreme Court, inter alia, denied those branches of the defendant's motion. The defendant appeals.
"Pursuant to CPLR 5015(a)(4), the court which rendered a judgment or order may relieve a party from it upon such terms as may be just upon the ground of lack of jurisdiction to render the judgment or order" (Niebling v Pioreck, 222 AD3d 873, 874 [internal quotation marks omitted]; see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173). "Service of process upon a natural person must be made in strict compliance with statutory methods of service pursuant to CPLR 308" (Niebling v Pioreck, 222 AD3d at 874; see Washington Mut. Bank v Murphy, 127 AD3d at 1174). "The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Niebling v Pioreck, 222 AD3d at 874; see Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d 799, 799-800). "The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589).
"CPLR 308 requires that service be attempted by personal delivery of the summons to the person to be served, or by delivery to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" (Niebling v Pioreck, 222 AD3d at 874-875 [citation and internal quotation marks omitted]; see CPLR 308[1], [2]). "Service pursuant to CPLR 308(4) may be used only where service under CPLR 308(1) or (2) cannot be made with 'due diligence'" (Niebling v Pioreck, 222 AD3d at 875, quoting CPLR 308[4]; see Prego v Bartkowski, 216 AD3d 679, 681). "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (Niebling v Pioreck, 222 AD3d at 875 [internal quotation marks omitted]; see Prego v Bartkowski, 216 AD3d at 681). "The due diligence requirement may be met with a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738 [internal quotation marks omitted]; see Estate of Waterman v Jones, 46 AD3d 63, 66). Additionally, "[f]or the purpose of satisfying the due diligence requirement of CPLR 308(4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment" (Niebling v Pioreck, 222 AD3d at 875 [internal quotation marks omitted]; see Estate of Waterman v Jones, 46 AD3d at 66).
"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d at 800 [internal quotation marks omitted]; see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d at 800 [internal quotation marks omitted]; see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d at 800 [internal quotation marks omitted]; see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988).
Here, an affidavit of service indicated the process server served the borrower pursuant to CPLR 308(4). The affidavit specified that the process server attempted personal service on four weekdays, at various times, prior to effectuating service via affix and mail service. It further indicated that the process server inquired with a neighbor as to the borrower's employment. Thus, the affidavit of service constituted prima facie evidence of proper service pursuant to CPLR 308(4) upon the borrower (see Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d at 800).
However, the defendant sufficiently rebutted the presumption of proper service by submitting, among other things, global positioning system records from the process server that [*3]indicated that on one of the dates, the process server attempted service of process at a different address from the address indicated in the affidavit of service (see LaSalle Bank, NA v Ferrari, 210 AD3d 976, 977-978). Considering that one of the other dates of attempted service was President's Day, a national holiday (see Prudence v Wright, 94 AD3d 1073, 1074; Moran v Harting, 212 AD2d 517, 517-518; Scott v Knoblock, 204 AD2d 299, 299-300), and the limited inquiry made by the process server as to the borrower's employment, the Supreme Court should have held a hearing to determine whether service was properly effected pursuant to CPLR 308(4).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the borrower was properly served with process pursuant to CPLR 308(4) and a new determination thereafter of those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her (see Sileo v Victor, 104 AD3d 669, 670; First Union Mtge. Corp. v Silverman, 242 AD2d 258, 258).
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court