Castro v Castro
2026 NY Slip Op 03287
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Alejandro Castro, respondent,
v
John C. Castro, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2024-00863, (Index No. 707259/18)
Cheryl E. Chambers, J.P.
Paul Wooten
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

John C. Castro, Floral Park, NY, appellant pro se.
Joseph P. Dineen, Garden City, NY, for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant John C. Castro appeals from an order of the Supreme Court, Queens County (Michele R. Titus, J.), dated October 31, 2023. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate an order and judgment (one paper) of the same court (Janice A. Taylor, J.) entered December 16, 2019, among other things, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against that defendant and declaring that the plaintiff is a 50% owner of the subject property.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant John C. Castro which was pursuant to CPLR 5015(a)(4) to vacate the order and judgment entered December 16, 2019, is granted, so much of the order as denied, as academic, the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant John C. Castro is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
In May 2018, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property located in Floral Park (hereinafter the property), against, among others, the defendant John C. Castro (hereinafter the defendant). The plaintiff alleged, among other things, that he had contributed the sum of $310,000 toward the purchase of the property based upon the defendant's representations that the plaintiff and the defendant would be equal owners of the property as tenants in common. The plaintiff further alleged that the defendant, an attorney who represented the plaintiff in connection with the purchase of the property, secretly purchased the property in the defendant's name alone with no recorded interest held by the plaintiff. The plaintiff and the defendant have both allegedly resided at the property since May 2015.
According to an affidavit of service, the defendant was served with the summons and complaint pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of the property, which was the defendant's place of abode, on June 5, 2018, followed by mailing a copy of the summons and complaint to that address on June 6, 2018. Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant based upon the defendant's failure to timely answer the complaint or appear in the action. The defendant opposed the motion.
By order and judgment entered December 16, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant, declared that the plaintiff is a 50% owner of the property with the defendant as tenants-in-common, and directed that the deed to the property is reformed to reflect the plaintiff's one-half interest in the property.
Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment for lack of jurisdiction. The plaintiff opposed that motion and cross-moved pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon the defendant. In an order dated October 31, 2023, the Supreme Court, among other things, denied that branch of the defendant's motion and denied, as academic, the plaintiff's cross-motion. The defendant appeals from so much of the order as denied that branch of his motion which was to vacate the order and judgment.
"CPLR 308 requires that service be attempted by personal delivery of the summons 'to the person to be served' (id. § 308[1]), or by delivery 'to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode' (id. § 308[2])" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738). "Service pursuant to CPLR 308(4) may be resorted to only where personal service pursuant to CPLR 308(1) and (2) 'cannot be made with due diligence'" (U.S. Bank N.A. v Plunkett, 241 AD3d 974, 976, quoting CPLR 308[4]). "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received. What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality" (U.S. Bank N.A. v Plunkett, 241 AD3d at 976 [citations and internal quotation marks omitted]). "The due diligence requirement may be met with a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d at 738 [internal quotation marks omitted]). "Additionally, '[f]or the purpose of satisfying the due diligence requirement of CPLR 308(4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment'" (Bank of N.Y. Mellon v Simpson, 241 AD3d 1412, 1415-1416, quoting Niebling v Pioreck, 222 AD3d 873, 875).
Here, the plaintiff failed to demonstrate that the process server acted with due diligence before resorting to affix and mail service pursuant to CPLR 308(4) (see Sams Distribs., LLC v Friedman, 235 AD3d 1021, 1023; Niebling v Pioreck, 222 AD3d at 875). The process server averred that he made two prior attempts to personally serve the defendant at the property before affixing the summons and complaint to the door. However, there was no indication in the record that the process server made any genuine inquiries about the defendant's whereabouts or place of business (see Sams Distribs., LLC v Friedman, 235 AD3d at 1023; Niebling v Pioreck, 222 AD3d at 875; Serraro v Staropoli, 94 AD3d 1083, 1085). Moreover, the record reflects that the plaintiff was aware of the defendant's employment address as of the commencement of the action, but no attempts were made to serve the defendant at his place of employment (see Bank of Am., N.A. v Fischer, 220 AD3d 722, 725).
We do not reach the defendant's contention with respect to that branch of his motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of jurisdiction, as it was not addressed in the order appealed from and, thus, remains pending and undecided (see Wilmington Trust, N.A. v Newman, 222 AD3d 917, 919-920; Katz v Katz, 68 AD2d 536, 542-543).
We have not considered the plaintiff's request for affirmative relief, as he did not appeal from the order (see First Franklin Fin. Corp. v Bridges, 233 AD3d 962, 963; Lemanowicz v Zhenneng Wu, 208 AD3d 1179, 1181).
The parties' remaining contentions are either improperly raised for the first time on appeal and, thus, not properly before this Court, improperly raised for the first time in a reply brief, or without merit.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the order and judgment. Under the circumstances, the matter must be remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant and, if that cross-motion is denied, for a determination of that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of jurisdiction.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court